IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN ANTONIO LEMUS, ) | |
| ) | No.: 17- cv-7698 |
| Plaintiff, ) | |
| vs. ) | Hon. |
| ) | |
| MIDNITE EXPRESS, INC, a Foreign ) | Magistrate Judge |
| Corporation, and DAVID VILLARREAL, ) | |
| ) | PLAINTIFF DEMANDS TRIAL |
| ) | BY JURY |
| Defendants. ) | |

## COMPLAINT

Plaintiff, JUAN ANTONIO LEMUS, by and through his attorneys, LAW OFFICE OF ROBERT H. HANAFORD, LLC, complaining of the Defendants, MIDNITE EXPRESS, INC. and DAVID VILLARREAL, states:

## INTRODUCTION

1. This is a civil action seeking monetary damages for personal injuries against Defendants for committing acts or omissions of negligence against Plaintiff resulting from a semi-tractor trailer rear end collision on May 6, 2017.

2. The collision occurred while plaintiff was driving a motorcycle Northbound on Interstate 39/90 by milepost 149, in the Township of Pleasant Springs, County of Dane and State of Wisconsin.

3. At the time of the collision Defendant, David Villarreal, was operating a Northbound Midnite Express, Inc. semi-tractor trailer.

1

## **STATEMENT OF JURISDICTION and VENUE**

4. The Plaintiff is a citizen of the State of Illinois and the Defendant Midnite Express, Inc. (Midnite Express) is corporation incorporated under the laws of North Dakota and its principal place of business is in West Fargo, North Dakota.

5. Plaintiff is a citizen of Illinois residing in the Northern District in Justice, Illinois and Defendant David Villarreal is a citizen of North Dakota, thereby satisfying the requirements for diversity jurisdiction under 28 U.S.C Section 1332.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000 thereby conferring jurisdiction under 28 U.S.C. Section 1332.

7. Venue is proper in the Northern District because the defendant Midnite Express does business in the Northern District of Illinois, defendant David Villarreal owns a home in Oak Lawn, Illinois and the load that David Villarreal was hauling when the collision occurred originated in Hickory Hills, Illinois.

8. David Villarreal falsified approximately 50 entries on his Record of Duty Status (RODS) and failed to take mandatory 8, 11 and 14 hour rest stops during the period from April 29 through May 6, 2017.

9. Many of the falsifications made in connection with his job duties occurred in Bensenville, Chicago, Des Plaines, Rolling Meadows, Burbank, Justice, Western Springs, Hampshire and Bridgeview, Illinois; all such falsifications occurred on May 6, 2017. Defendant's falsifications starting in Illinois are a continuing course of negligence that contributed to the collision on Interstate 39/90 near Madison, Wisconsin.

## COUNT I
## NEGLIGENCE-DAVID VILLARREAL

10. On May 6, 2017, Interstate 39/90 was an interstate highway running in a generally Northwest and Southeast direction and through the Township of Pleasant Springs, County of Dane and the State of Wisconsin.

11. On said date, mile post 149 was in the Township of Pleasant Springs, County of Dane and the State of Wisconsin.

12. On said date David Villarreal was operating a semi-tractor trailer Northbound near mile post 149 in the Township of Pleasant Springs, County of Dane and State of Wisconsin.

13. The semi-tractor trailer David Villarreal was driving was a 2009 Freightliner owned by Midnite Express and having VIN#: 1FUJGLDR29LAG6806.

14. At the time of the crash, David Villarreal was employed by defendant Midnite Express as a truck driver and was acting within the scope and course of his duties of employment for Midnite Express.

15. At approximately 9:00 p.m. David Villarreal obtained a load in Hickory Hill, Illinois to transport to West Fargo, North Dakota

16. For a period of time commencing on April 29, 2017 to the time of the collision, David Villarreal falsified about 50 hours of service entries, and violated mandatory 8, 11 and 14 hour duty periods without required rest periods in violation of the Federal Motor Carrier Safety Administration (FMCSA) Regulations, which were enacted largely to combat the dangers of driver fatigue.

17. David Villarreal repeatedly recorded Off Duty status when he was actually driving and was On Duty.

18. At the aforementioned time and place, David Villarreal was under a duty to exercise ordinary care for the safety of plaintiff and others upon the roadway.

19. At said time and place, David Villarreal breached the aforementioned duty and was negligent in one or more of the following ways:

(a) Failed to maintain a proper lookout for the plaintiff's vehicle;

(b) Failed to reduce the speed of his vehicle to avoid a collision;

(c) Failed to take mandatory rest periods as required by Federal Rules and Regulations pertaining to Hours of Service thereby becoming fatigued; and

(d) Operated his vehicle at an excessive speed.

20. That as a direct and proximate result of one or more of the aforementioned wrongful acts of the Defendant David Villarreal, the semi-tractor trailer he was driving struck the rear of plaintiff's motorcycle thereby causing plaintiff to suffer personal injury; lose earnings, past and future; incur medical expenses, past and future; suffer disfigurement; caused permanent disability; suffered loss of enjoyment of life; and incur a diminished earning capacity.

WHEREFORE, the Plaintiff, JUAN ANTONIO LEMUS, prays for judgment against the Defendant, DAVID VILLARREAL, for an amount in excess of the $75,000.00 jurisdictional limits, plus costs.

## COUNT II
## NEGLIGENCE & RESPONDEAT SUPERIOR-MIDNITE EXPRESS, INC.

21. On May 6, 2017, Interstate 39/90 was an interstate highway running in a generally North and South direction and through the Township of Pleasant Springs, County of Dane and State of Wisconsin.

22. On said date, mile post 149 was in the Township of Pleasant Springs, County of Dane and State of Wisconsin.

4

23. On said date David Villarreal was operating a semi-tractor trailer Northbound near mile post 149 was in the Township of Pleasant Springs, County of Dane and State of Wisconsin.

24. The semi-tractor trailer David Villarreal was driving was a 2009 Freightliner owned by Midnite Express and having VIN#: 1FUJGLDR29LAG6806.

25. On said date and at the time of the crash, David Villarreal was employed by Defendant Midnite Express as a truck driver.

26. At approximately 9:00 p.m. David Villarreal obtained a load in Hickory Hill, Illinois to transport to West Fargo, North Dakota

27. For a period of time commencing on April 29, 2017 to the time of the collision, David Villarreal falsified about 50 hours of service entries, and violated mandatory 8, 11 and 14 hour duty periods without required rest periods in violation of the Federal Motor Carrier Safety Administration (FMCSA) Regulations, which were enacted largely to combat the dangers of driver fatigue.

28. David Villarreal repeatedly recorded Off Duty status when he was actually driving and was On Duty.

29. Midnite Express had a PeopleNet Fleet Management System that allowed Midnite Express to track by GPS the movement of vehicles and determine the hours of service of truck drivers.

30. The PeopleNet Fleet Management System would enable Midnite Express to determine whether truck drivers were exceeding hours of duty and failing to stop for FMCSA Regulation rest periods.

31. On said date and at the time of the crash, David Villarreal was working within the scope and during the course of his duties as an employee for defendant Midnite Express as a truck driver.

32. At the aforementioned time and place, David Villarreal was under a duty to exercise ordinary care for the safety of plaintiff and others upon the roadway.

33. At said time and place, the defendant, Midnite Express, individually and through its agent and employee David Villarreal, breached the aforementioned duty and was negligent in one or more of the following ways:

    (a) Failed to maintain a proper lookout for the plaintiff's vehicle;

    (b) Failed to reduce the speed of his vehicle to avoid a collision;

    (c) Failed to take mandatory rest periods as required by Federal Rules and Regulations pertaining to Hours of Service thereby becoming fatigued;

    (d) Operated his vehicle an excessive speed; and

    (e) Defendant Midnite Express, new or should have known, that David Villarreal had exceeded his hours of service on and prior to the collision with plaintiff.

34. That as a direct and proximate result of one or more of the aforementioned wrongful acts of Midnite Express, individually and through its agent and employee, David Villarreal, the semi-tractor trailer David Villarreal was driving struck the rear of plaintiff's motorcycle thereby causing plaintiff to suffer personal injury; lose earnings, past and future; incur medical expenses, past and future; suffer disfigurement; caused permanent disability; suffered loss of enjoyment of life; and incur a diminished earning capacity.

WHEREFORE, the Plaintiff, JUAN ANTONIO LEMUS, prays for judgment against the defendant, MIDNITE EXPRESS, INC., for an amount in excess of the $75,000.00 jurisdictional limits, plus costs.

ROBERT H. HANAFORD,
Attorney for plaintiff, Juan Antonio Lemus

Law Offices of Robert H. Hanaford, LLC
100 E. Northwest Highway
Fox River Grove, Illinois 60021
P: (312) 899-9020
F: (847)516-5292
ARDC #: 6181793
rhanaford@hanafordlaw.com